# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

---

ANDREA D. LOGUIDICE,

        Plaintiff,

v.

EDWARD MCTIERNAN, STUART BRODY
BENJAMIN CONLON, MARLINE AGNEW,
DEBORAH CHRISTIAN, PHIL LODICO,
MARC GERSTMAN, and JOHN DOES 1-5,

        Defendants.

No. 1:14-CV-1323
(TJM/CFH)

---

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| BOIES SCHILLER & FLEXNER LLP<br>30 South Pearl St., 11th Fl.<br>Albany, New York 12207<br>Attorneys for Plaintiff | GEORGE F. CARPINELLO, ESQ.<br>JOHN F. DEW, ESQ. |
| 6099 Nott Road<br>Guilderland, New York 12084<br>Attorney for Plaintiff | MICHAEL Y. HAWRYLCHAK, ESQ. |
| HON. ERIC T. SCHNEIDERMAN<br>New York State Attorney General<br>The Capitol<br>Albany, New York 12224<br>Attorneys for Defendants | COLLEEN D. GALLIGAN, ESQ.<br>LOUIS JIM, ESQ. |

## MEMORANDUM-DECISION AND ORDER

Presently pending before the Court is plaintiff Andrea D. Loguidice's ("plaintiff")

motion to reconsider a portion of the Court's Memorandum-Decision and Order ("MDO")

which granted in part and denied in part her motion to compel discovery. Dkt. No. 48. The motion is limited to seeking reconsideration of the undersigned's ruling relating to the waiver of privilege associated with the memorandum written by defendant McTiernan on August 4, 2014, entitled "Termination of Andrea Loguidice" (hereinafter "McTiernan Memo"). Id. Defendants Edward McTiernan ("McTiernan"), Stuart Brody ("Brody"), Benjamin Conlon ("Conlon,), Marline Agnew ("Agnew"), Deborah Christian ("Christian"), Phil Lodico ("Lodico"), and Marc Gerstman ("Gerstman") (collectively, "defendants," where appropriate) oppose the motion. Dkt. No. 49. Nonparties the New York State Department of Environmental Conservation ("DEC"), The Governor's Office on Employee Relations ("GOER"), Maureen Coleman, and Ann Hohenstein (collectively, "non-parties," where appropriate), did not file a response. Plaintiff filed a reply. Dkt. No. 50. For the reasons that follow, plaintiff's motion for reconsideration is denied.

**I. Background**

The facts and circumstances surrounding this discovery dispute are outlined in the Court's August 25, 2016 MDO, and familiarity therewith is assumed. Briefly, in its pertinent part, the McTiernan Memo discusses McTiernan's conversations and meetings with Maureen Coleman (Governor's Counsel), Anne Hohenstein (DEC's contact at GOER), Lori Belgrade and Marc Cadrette (DEC personnel), and Mike Valforte (General Counsel at GOER). Id.; Dkt. No. 47 at 5. The McTiernan Memo also contains McTiernan's statement that,"'[t]he advice I received was that this error in judgment was serious enough to warranted [sic] discipline in the case of a full time employee and termination of an

2

employee in probation." Id.

On August 25, 2016, the undersigned issued an MDO in response to plaintiff's letter motion requesting assistance in resolving discovery disputes (Dkt. No. 27) and plaintiff's motion to compel defendants to provide various testimony and documents. Dkt. No. 41. As relevant here, the Court held that (1) McTiernan's discussions with DEC personnel Belgrade and Cadrette would *likely not* implicate the attorney-client privilege because they "would primarily result in non-legal questions [and] such conversations are not privileged"; (2) McTiernan did not have the authority to waive the DEC'S attorney-client privilege; (3) Gerstman had the implied authority to waive the DEC's attorney-client privilege by the nature of his position; whether it was waived is dependent on the document; and (4) even if McTiernan did have the authority to waive the attorney-client privilege on behalf of the DEC or if Gerstman did waive the privilege, this waiver cannot forfeit any privilege that GOER or the Governor's Counsel may have had regarding potential legal advice McTiernan obtained from Coleman, Hohenstein, and Valforte. Id. at 33-34, 37-39. Irrespective of the above determination, the undersigned held that plaintiff's Motion to Compel, insofar as it related to conversations with DEC personnel, was premature, as plaintiff failed to proffer questions or document requests before the Court with respect to any of the conversations McTiernan had with Belgrade and Cadrette. Id. With respect to legal advice McTiernan sought from GOER and Governor's Counsel, the motion was denied. Id.

On September 7, 2016, plaintiff filed this Motion for Reconsideration with regard to this portion of the MDO, contending that the Court erred in its determination that

3

defendants could not be compelled to testify as to conversations McTiernan had with GOER attorneys and Governor's Counsel, as well as conversations with DEC personnel Cadrette and Belgrade. Dkt. No. 48-1. Defendants argue that because McTiernan has yet to be deposed, "Plaintiff again seeks to obtain a court order with regard to matters that are premature." Dkt. No. 49 at 2.

## II. Legal Standard

In the Northern District of New York, all motions for reconsideration proceed under Local Rule 7.1(g).[1] The "clearly erroneous" standard of review applies in assessing a motion for reconsideration. Sumner v. McCall, 103 F. Supp. 2d 555, 558 (N.D.N.Y. 2000). "Generally, the prevailing rule in the Northern District 'recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice.'" People ex rel. Vacco v. Rac Holding, Inc., 135 F. Supp. 2d 359, 362 (N.D.N.Y 2001) (quoting In re C-TC 9th Ave. P'ship, 182 B.R. 1, 3 (N.D.N.Y. 1995)). These requirements

---

[1] Northern District of New York Local Rule 7.1(g) provides:

> [m]otions for reconsideration or reargument, unless Fed.R.Civ.P. 60 otherwise governs, may be filed and served no later than TEN CALENDAR DAYS after the entry of the challenged judgment, order, or decree. All motions for reconsideration shall conform with the requirements set forth in L.R. 7.1(a)(1) and (2). The briefing schedule and return date applicable to motions for reconsideration shall conform to L.R. 7.1(b)(2) . . . . Motions for reconsideration or reargument will be decided on submission of the papers, without oral argument, unless the Court directs otherwise.

N.D.N.Y. L.R. 7.1(g).

4

prevent the moving party from simply relitigating issues already decided by the Court. See Shannon v. Verizon New York, Inc., 519 F. Supp. 2d 304, 306 (N.D.N.Y. 2007). Moreover, "[t]he standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Motions for reconsideration are not favored, and are "'properly granted only upon a showing of exceptional circumstances.'" Nakshin v. Holder, 360 F. App'x. 192, 193 (2d Cir. 2010) (summary order) (quoting Marrero Picardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004)).

**III. Discussion**

In support of her Motion for Reconsideration, plaintiff asserts that (1) defendant Gerstman had the authority to waive the DEC's attorney-client privilege, and did so when the McTiernan Memo was provided to plaintiff during discovery; (2) because the privilege belonged to the DEC, the waiver of the attorney-client privilege includes legal advice that the DEC received from outside attorneys; the Court erred in concluding that GOER or Governor's Counsel must also waive their privilege; and (3) the Court erred in determining that there was "no waiver of communications with DEC personnel because the conversations recounted in the Memo were not with lawyers." See Dkt. No 48-1. Defendants argue that plaintiff's motion seeks to relitigate issues that have already been decided by the Court. See Dkt. No. 49. Further, defendants maintain that plaintiff's

5

request is premature as McTiernan has not been deposed and no specific deposition question is pending before the Court. See id.

Plaintiff does not suggest that the first ground on a motion for reconsideration, intervening change in the controlling law, applies nor has she presented new evidence which was not previously available in order to implicate the second ground. See Vacco, 135 F. Supp. 2d at 362. Therefore, the only basis for reconsideration is to remedy a clear error of law or to prevent manifest injustice. See id. This is a demanding standard.

> It is not enough . . . that [the moving party] could now make a more persuasive argument . . . . [M]ere doubt on our part is not enough to open [up] the point for full reconsideration. The law of the case will be disregarded only when the court has 'a clear conviction of error' with respect to a point of law on which its previous decision was predicated.

Sumner, 103 F. Supp. 2d at 558 (quoting Fogel v. Chestnutt, 668 F.2d 100, 109 (2d Cir. 1981) (internal quotation marks omitted). The undersigned, therefore, must discern whether plaintiff has proffered evidence of a clear error of law or merely a point of dissension with the Court. Id. at 559 (internal citation and quotation marks omitted). After review of plaintiff's submissions, the Court determines that she has failed to point to "controlling decisions or data that the court overlooked" that would require the Court to alter its decision. See Shrader, 70 F.3d at 257.

### A. McTiernan's Discussions with Belgrade and Cadrette

Plaintiff argues the Court erred in holding "that there was no waiver of communications with DEC personnel because the conversations recounted in the Memo

6

were not with lawyers." Dkt. No. 48-1 at 2. The Court held that "it *would not appear* that those conversations would be privileged, as such conversations would likely involve human resources issues, not ones that require legal expertise from counsel in his role as an attorney." Dkt. No. 47 at 37-38 (emphasis added) (citing Koumoulis v. Indep. Fin. Mktg. Grp., Inc., 29 F. Supp. 3d 142, 146 (E.D.N.Y. 2014) ("Despite its legal content, human resources work, like other business activities with a regulatory flavor, is part of the day-to-day operation of a business; it is not a protected legal activity.")). The Court's conclusion that McTiernan's conversations with Belgrade and Cadrette were not privileged was based on the Court's speculation as to the content of those conversations and that it "*anticipates* discussions with personnel would not implicate the attorney-client privilege." Id. at 39 (emphasis added). Thus, the Court concluded that McTiernan's conversations with Belgrade and Cadrette would not be privileged to the extent that they were based on non-legal advice. See id. (emphasis added) ("As the undersigned concludes that any discussions McTiernan had with personnel would primarily result in *non-legal* questions, such conversations are not privileged.") In assessing McTiernan's statement regarding the advice he received, the Court stated that "McTiernan collectively refers to the advice that he received about plaintiff's conduct" and "it is unclear whether McTiernan is contending that the recommendations he received to terminate plaintiff were based on the various advisors' opinions that plaintiff violated certain laws or whether this advice also was based on a personnel/human resources reason not directly related to any potential legal violations." Id. at 37. The Court, however, ultimately concluded that it could not definitively rule on this issue because the content of these conversations were not before the Court;

7

thereby, the motion was premature. Id. at 39.

Plaintiff has not persuaded the undersigned that the Court engaged in a clear error of law insofar as it reasonably concluded that plaintiff's request regarding Belgrade and Cadrette was premature. Further, as of this writing, McTiernan has not yet been deposed and there are no questions or document demands before the Court detailing the content of the conversations with Belgrade and Cadrette and whether they were legal in nature; therefore, the Court has no factual basis to alter its previous conclusion. Accordingly, as plaintiff's request regarding Belgrade and Cadrette is premature, the Court declines to alter its earlier findings as it relates to this portion of the McTiernan Memo. See id.

### B. McTiernan's Discussions with Coleman, Hohenstein, and Valforte

#### 1. Did Gerstman/DEC Waive the Privilege?

Plaintiff contends that "[t]he DEC, through Gerstman and his counsel, has [ ] waived the DEC's privilege with respect to the advice that McTiernan received from outside counsel and from in-house counsel regarding Plaintiff." Dkt. No. 48-1 at 4. Plaintiff's argument is based on the understanding that the MDO held that (1) defendant Gerstman had the authority to waive DEC's privilege; (2) the McTiernan Memo revealed privileged information; and (3) even if the DEC waived the privilege, its waiver does not amount to a waiver on behalf of GOER and the Governor's Counsel. Id. at 3-4.

There is no dispute that the undersigned found that Gerstman had the implied authority to waive the privilege by nature of his position as the Executive Deputy Commissioner. Dkt. No. 47 at 34, 36. However, the Court did not conclude that the

McTiernan Memo contained privileged information and that the DEC waived its privilege with respect to that content. Regarding McTiernan's conversations with Coleman, Hohenstein, and Valforte, the Court held that:

> [i]t is at least *arguable* . . . that discussions with GOER would involve opinions on whether plaintiff violated certain ethics rules or laws. *If it is the case* that McTiernan, Hohenstein, Coleman, and Valforte discussed whether plaintiff's conduct amounted to violations of laws or regulations, such request or receipt of legal advice would *appear to be* an attorney-client privileged matter.

Id. at 38 (emphasis added).

Thus, the Court never concluded the privilege was waived, in part because it could not assess whether McTiernan's conversations with Coleman, Hohenstein, and Valforte were privileged on the basis of McTiernan's statement in the Memo.[2]

### 2. Waiver of Privilege by GOER and Governor's Counsel

Plaintiff argues that the Court erred in concluding that, even if Gerstman or McTiernan waived the attorney-client privilege on behalf of the DEC by releasing the McTiernan Memo, the DEC's waiver did not amount to a waiver on behalf of GOER and Governor's Counsel. See Dkt. No. 48-1 at 5-7. It is well-settled that the attorney-client privilege belongs solely to the client, not to the attorney. See, e.g., U.S. v. Goldberger & Dublin, P.C., 935 F.2d 501, 504 (2d Cir. 1991). Plaintiff correctly observes that the DEC is the client. To the extent that the Court erred in concluding that the DEC cannot waive

---

[2] The Court addresses plaintiff's arguments with respect to the Court's holding regarding waiver by GOER and Governor's Counsel in the following subsection.

9

the privilege with respect to GOER and Governor's Counsel, such a finding was harmless for the reasons that follow.

As indicated, the Court did not conclude, as plaintiff asserts, that the DEC waived the privilege with respect to conversations between DEC and GOER and Governor's Counsel. See Dkt. 48-1 at 6. The Court noted that the giving of legal advice may implicate the privilege, but noted that it could not be determined from the McTiernan Memo what plaintiff discussed with GOER and Governor's Counsel:

> [T]he only waiver that the production of this memo could elicit is that in connection with legal advice received from within the DEC. The only DEC contacts he discusses in this memo are Lori Belgrade and Marc Cadrette from Personnel.

Dkt. No. 47 at 38-39. Here, the Court suggested that it was unclear from the Memo whether McTiernan's reference to the "advice" he received was to the advice received from personnel or from GOER and Governor's Counsel. Id. at 37; see also Dkt. No. 41-4 at 2.

Thus, based on the statement at issue in the McTiernan Memo it is unclear whether the recommendation to terminate plaintiff was based on legal opinions from GOER or Governor's Counsel or advice from Cadrette and Belgrade from a personnel/human resources standpoint. See Dkt. No. 47 at 37. Because the content of these conversations are not before the Court, the Court is unable to decide whether these matters fall within the gambit of the attorney-client privilege. At the time of this writing, McTiernan has still not been deposed, and the Court is unable to determine whether the DEC waived the privilege with respect to conversations between McTiernan, GOER, and the Governor's Counsel as the undersigned is not privy to the contents of the conversations; thus, the request is

10

premature.[3]

### IV. Conclusion

Plaintiff has not persuaded the undersigned that the Court engaged in a clear error of law. The Court agrees with defendants that her request remains premature, as plaintiff's motion "seeks to compel responses to questions that have not been asked based upon a belief that Defendants will raise a claim of privilege that, to date, has not been raised." Dkt. No. 49. Plaintiff would be better served by deposing McTiernan and developing the record as to the conversations between the DEC and GOER and the Governor's Counsel, rather than attempting to relitigate issues already decided. See Vento v. Handler, No. 12 Misc. 228 (PGG), 2013 WL 12084505, at *2 (S.D.N.Y. Nov. 25, 2013) ("In seeking reconsideration of this Court's Order, Plaintiffs' [sic] improperly seek to relitigate issues that have already been decided.") (citation omitted). Should the parties come before the Court with deposition questions regarding McTiernan's conversations with DEC personnel, GOER and the Governor's Counsel, the Court will properly address them at that time. Therefore, because the Court lacks sufficient information before it as to the contents of the conversation between McTiernan and Coleman, Hohenstein, and Valforte, it cannot conclude whether the information in the McTiernan Memo is privileged. As the Court committed no clear error of law, plaintiff's motion for reconsideration is denied.

**WHEREFORE**, for the reasons stated herein, it is hereby

---

[3] Should plaintiff bring the content of these conversations before the Court, the Court will then address her concerns under the lens of whether the client, DEC, waived the privilege.

11

**ORDERED**, that plaintiff's Motion for Reconsideration of this Court's August 25, 2016 Memorandum-Decision and Order (Dkt. No. 48-1) is **DENIED**; and it is

**ORDERED**, that the Clerk of the Court serve this Memorandum-Decision and Order on parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated: August 3, 2017
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge